IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DERON GRAYSON CLARE, § | | |
| TDCJ #1231576, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-07-4096 |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM AND ORDER

The petitioner, Deron Grayson Clare (TDCJ #1231576), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Clare has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a state court conviction. Acknowledging that the petition contains unexhausted claims, Clare has included a motion to stay and abate this proceeding while he completes state court review. (Docket Entry No. 3). After reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, however, the Court concludes that this case must be **dismissed** without prejudice for reasons set forth below.

I.       **BACKGROUND**

Clare reports that, on April 14, 2004, he was convicted by a jury in the 228th District Court of Harris County, Texas, which found him guilty of being a previously convicted felon in possession of a firearm. Clare notes that the charges were enhanced with allegations that he had at least two prior felony convictions. Clare received a sentence of fifty years in prison. The conviction was affirmed on direct appeal. *See Clare v. State*, No. 01-04-00465-CR (Tex. App. ─ Houston [1st Dist.] Dec. 22, 2005). The Texas Court of Criminal Appeals refused his petition for discretionary review on May 22, 2006.

Clare now seeks a federal writ of habeas corpus to challenge his conviction under 28 U.S.C. § 2254. In a petition executed on November 29, 2007, Clare contends that he is entitled to relief for the following reasons: (1) he was denied effective assistance of counsel at trial; (2) his punishment was improperly enhanced by a prior conviction that was not final; (3) the conviction was not supported by factually sufficient evidence because there was conflicting testimony and credibility of the witnesses; and (4) he was denied equal protection of the law in violation of the Fourteenth Amendment because the prosecutor improperly excluded black jurors during voir dire. Clare reports that he has raised some these claims in a state habeas corpus application. (Doc. # 1, *Petition*, at ¶ 11). According to public records, it appears that the petitioner's state habeas corpus application was denied by the Texas Court of Criminal Appeals on September 12, 2007. *See Ex parte Clare*, Writ No. 68,145-01 (Tex. Crim. App.). Clare reports, however, that he has recently filed a second petition on an undisclosed date, raising unspecified claims.

There has been no ruling yet on this application.  Because the state's highest court of criminal jurisdiction has not yet completed its review of that application, the pending federal petition must be dismissed for reasons that follow.

## II.     DISCUSSION

### A.     Exhaustion of Administrative Remedies

Under the applicable federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.  *See* 28 U.S.C. § 2254(b)(1)(B).  A reviewing court may raise a petitioner's failure to exhaust *sua sponte*.  *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001), *cert. denied*, 534 U.S. 1164 (2002).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts." *Moore*, 454 F.3d at 491 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(b)(1)(C). In Texas, a criminal defendant may challenge a conviction by taking the following paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir.) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings."), *cert. denied*, 541 U.S. 1087 (2004).

It is uncertain whether any of the claims that Clare attempts to present were raised in state court and adjudicated by the Texas Court of Criminal Appeals. Clare discloses that he has only recently presented a second state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure. (Doc. # 1, *Petition*, at ¶ 11). However, Clare concedes that, to date, the Texas Court of Criminal Appeals has not issued a decision on this application. (*See id.*). Thus, the pleadings appear to show that the Texas

Court of Criminal Appeals has not yet had an opportunity to address all of the issues raised in the pending petition. To the extent that this state process remains available, the petitioner does not satisfy any statutory exception to the exhaustion doctrine. Comity requires this Court to defer until the Texas Court of Criminal Appeals has addressed the petitioner's claims. It follows that the pending federal habeas petition contains unexhausted claims and must be dismissed as premature.

### B.     The Petitioner's Request for a Stay

Clare has filed a motion to stay pending the resolution of his second state court habeas proceeding. This Court has the discretion to either abate or dismiss a federal habeas action pending resolution of state habeas proceedings. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). In that respect, the United States Supreme Court has decided that the federal habeas corpus statutes, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), do not deprive district courts of the authority to issue a stay. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). The Supreme Court recognized, however, that staying a federal habeas corpus proceeding has the potential to undermine the AEDPA's "objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" as well as the AEDPA's "goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* Thus, a stay is proper only in "limited circumstances" when the district court finds that: (1) there was

good cause for the failure to exhaust the claim; (2) the claim is not plainly meritless; and (3) there is no indication that the failure was for purposes of delay.  *See id.* at 277.

In his one-page motion for a stay, Clare offers no explanation for his failure to fully exhaust state court remedies before coming to federal court.  Likewise, Clare makes no effort to otherwise show that a stay is appropriate.  Under these circumstances, a stay is not warranted.  *See Rhines*, 544 U.S. at 277; *see also Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005) (declining to grant a stay absent a showing of good cause and a meritorious claim).  Accordingly, Clare's request for a stay is denied and this case is dismissed without prejudice as a premature, unexhausted petition.

## III.     <u>CERTIFICATE OF APPEALABILITY</u>

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th

Cir. 2000). Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION

For these reasons, the Court **ORDERS** as follows:

1. The petitioner's motion for leave to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**; his motion to stay this proceeding (Docket Entry No. 3) is **DENIED**.

2. The petition is **DISMISSED WITHOUT PREJUDICE** for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

3. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED this 19th day of December, 2007.

_____
Kenneth M Hoyt
United States District Judge